UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD BURNOSKY,

    Plaintiff,

v.

NATIONAL ELEVATOR INDUSTRY
PENSION PLAN, a multi-employer defined
benefit pension benefit plan, INTERNATIONAL
UNION OF ELEVATOR CONSTRUCTORS
(I.U.E.C.) LOCAL NO. 36, a labor
organization,

    Defendants.

Case No.
Hon.
Magistrate

_____/

John Joseph Conway (P56659)
John J. Conway, P.C.
Attorney for Plaintiff
26622 Woodward Avenue, Suite 225
Royal Oak, MI 48067
(313) 961-6525
john@johnjconway.com

_____/

## **PLAINTIFF'S ERISA COMPLAINT FOR PENSION BENEFITS**

Plaintiff GERALD BURNOSKY (hereinafter "Plaintiff"), by his attorneys, John J. Conway, P.C., and for his Complaint against the Defendants National Elevator Industry Pension Plan, an employee benefit pension plan, and International Union of Elevator Constructors Local No. 36 (hereinafter referred to collectively as "Defendants") states as follows:

### **NATURE OF THE ACTION AND JURISDICTION**

1.    This is a civil action brought under the Employment Retirement Income Security Act of 1974, as amended ("ERISA") and federal common law, regarding various breaches and violations of the act; and for the purpose of enforcing his rights under an employee pension plan, for an accounting, recovery of interest, costs, penalties, and attorney fees incurred as a consequence of Defendants' wrongful acts.

2.      Plaintiff Gerald Burnosky ("Plaintiff" or "Burnosky") is and was, at all relevant times, a member of the Defendant International Union of Elevator Constructors Local No. 36.  By virtue of his membership within this labor organization, Plaintiff was a "participant" in the National Elevator Industry's multi-employer defined benefit pension plan which is governed by ERISA.   Plaintiff resides in Macomb County, Michigan.

3.      Defendant International Union of Elevator Constructors Local No. 36 ("Defendant I.E.C.U. Local No. 36" or "Local No. 36")  is an "employee organization" as that term is defined in ERISA, 29 U.S.C. §1002(4) and was the Plaintiff's "employer" as that term is used within the pension plan documents and under ERISA.  Additionally, Defendant Local No. 36 was the "sponsor" of Defendant's employee benefit plan, as that term is defined by ERISA.  In addition to the Plan, Defendant Local No. 36 is a necessary party for the complete relief sought herein.

4.      Defendant National Elevator Industry Pension Plan ("Defendant" or "National Elevator") is and was, at all relevant times, a multi-employer "employee benefit pension plan" as that term is defined in ERISA §3(2)(A), 29 U.S.C. § 1002(2)(A), and this is the entity through which defined pension benefits are or may be paid to Plaintiff ("the Plan.")

5.      Defendant National Elevator is "Plan Administrator," as that term is defined by ERISA, 29 U.S.C. 1002(16)(A)(I).

6.      This Court has jurisdiction pursuant to ERISA §502(e)(1), (f), 29 U.S.C. 1132(e)(1), (f), and 28 U.S.C. 2201, and Plaintiff has exhausted all administrative remedies required of him.

7.      Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132 (e)(2) as Defendants' breaches took place in this jurisdiction, Defendants conduct and transact business in this jurisdiction, and Plaintiff resides in this jurisdiction.

8.      All documents referenced herein are in the possession of the defendants.

## GENERAL ALLEGATIONS

9. Plaintiff was a dues paying member of the Defendant IECU Local No. 36 for several years prior to the incidents giving rise to this suit.

10. As a member of Defendant Local No. 36, an employee organization, Plaintiff was entitled to all rights, privileges, and benefits of his union membership.

11. At all relevant times, Plaintiff was a member and "participant" in the employee benefit plans sponsored by Defendant Local No. 36 as that term is used in the Plan and under the ERISA statute.

12. Accordingly, Plaintiff was entitled to participate in an multi-employer defined benefit pension plan and was entitled to the benefits defined and promised therein.

13. During his tenure with Defendant Local No. 36, Plaintiff performed years of hourly work, and he earned service credit toward his pension.

14. In 1983, Plaintiff filed suit against Defendant Local No. 36 for a series of employment practice violations arising out of his collective bargaining agreement.

15. The case was entitled, *Burnosky v. Local No. 36 As An Affiliate of the International Union of Elevator Constructors*, and was filed in the Wayne County Circuit Court Case No. 1983-311497-CZ ("the litigation.")

16. In September 1986, a Wayne County jury issued a verdict awarding Plaintiff $300,000 in past due wages. A judgment was later submitted to the court.

17. Subsequent to the trial, Defendant Local No. 36 voted, unanimously, to resolve the case by way of a settlement in the form of a lump sum payment to the Plaintiff in the amount of $130,000.00.

18. The jury's award constituted "back pay" as that term is defined and used throughout the Defendant National Elevator Industry's pension plan.

19. Defendant National Elevator industry's plan requires that any award of "back pay" be

factored into both the vesting requirements and defined benefit monthly compensation levels for Plaintiff.

20. Defendant Local No. 36, as a plan sponsor and a fiduciary, in relation to the plan and under the ERISA statute, was also required to report all awards of back pay on behalf of Plaintiff, a participant under the plan.

21. In 2010, Plaintiff filed his application for retirement benefits with Defendant National Elevator Industry Plan.

22. On October 13, 2010, Defendant National Elevator Industry denied Plaintiff's claim for pension benefits.

23. The Plan alleged that Plaintiff had accumulated only seven (7) years of vesting credit required under the plan for a pension and the Plan required ten (10) years of service credit.

24. On April 12, 2011, Plaintiff timely appealed the decision to the Plan.

25. In his appeal, Plaintiff argued that he was entitled to a vesting schedule of five (5) years under the ERISA statute and interpretative regulations and, critically, the Plan was not crediting him with the hourly value of his back pay award which under either the $300,000 jury verdict or the $130,000 settlement which more than exceeded the amount of hours necessary for vesting credit. In any event, the award would have exceeded 10 years of service that the Plan was now demanding.

26. Defendant denied the appeal and indicated that it had no record of the lawsuit, a back pay award, a jury verdict, or a settlement.

27. Plaintiff, again, appealed that decision and provided substantial and overwhelming evidence proving all of these facts – including the jury's verdict, the judgment, and a number of pleadings from the litigation which were retrieved directly from the Wayne County Circuit Court file.

28. During the administrative review process under ERISA Section 503, 29 U.S.C. 1133, Defendant National Elevator corroborated these operative facts by requesting information directly from

Defendant Local No. 36.

29. Defendant Local No. 36 supplied the meeting minutes concerning the unanimous vote to settle the "back pay" award for $130,000.

30. Despite this overwhelming evidence, Defendant National Elevator Plan upheld the denial – this time for an entirely different and heretofore *unmentioned* reason – *e.g.*, that the award of "back pay" was not made against Plaintiff's "employer" as allegedly required by the Plan.

31. Critically, Defendant agreed that if the award had been made against Plaintiff's "employer," it would have creditable toward both the vesting and monthly compensation levels.

32. Defendant has clearly misread the express terms of its own Plan.

33. The terms of the Plan provide, in pertinent part, the following:

> Section 1.21   Hour of Work. "HOUR OF WORK" means (a) each hour for which an Employee is paid or entitled to payment for the performance of duties for an Employer, and (b) <u>each hour for which back pay, regardless of mitigation of damages, is either awarded or agreed to by the Employer</u>, excluding any hour credited under (a). Hours of Work shall be computed and credited in accordance with Department of Labor Regulations Section 2530.200b-3(d). (Emphasis added).

> Section 1.22   Hour of Service. "HOUR OF SERVICE" means (a) each hour for which an Employee is paid or entitled to payment for the performance or non-performance of duties for an Employer, and (b) <u>each hour for which back pay, regardless of mitigation of damages, is either awarded or agreed to by the Employer</u>, excluding any hour credited under (a). Hours of Service shall be computed and credited in accordance with Department of Labor Regulations Section 2530.200b. Hours of Service shall be credited only for the purpose of determining an Employee's eligibility to participate in the Plan in accordance with Section 2.01. (Emphasis added).

34. Under Section 1.06, the Plan clearly and unquestionably states the following:

"EMPLOYER" shall mean:

* * *

(d) a Local Union of the International Union of Elevator Constructors which is a signatory to the Participation Agreement with the Trustees which provides for contributions to the National elevator Industry Pension Plan on behalf of employees of the Local Union covered by the Participation Agreement.

35. Defendant appears not to have understood that the "back pay" credits occurred, or should occurred, pursuant to the express provisions of Section 1.06 of the Plan.

36. Under the terms of the Plan, then, Plaintiff is entitled to his full retirement pension.

37. On April 11, 2011, Plaintiff sent by certified mail a request to the Plan Administrator requesting: (a) all pension plan documents; (b) the administrative record; (c) all other "documents setting forth the manner in which eligibility is determined;" and (d) all other documents relevant to the claim.

38. In response to this request, Defendant produced some, but not all, responsive documents relating to the claim asserting attorney-client privilege.

39. Specifically, Defendant did not produce the "Participation Agreement" with I.U.E.C. Local No. 36, despite the fact that Defendant was claiming that Defendant Local No. 36 was not an "Employer" under the Plan and this language appears in the plan itself.

40. Contrary to Defendant's assertions, the Participation Agreement and any surrounding documentation was directly relevant to Plaintiff's claim, is plainly considered a plan document, and not exempt from disclosure on the grounds of attorney-client privilege. Defendant's failure to produce this document and others was prejudicial to Plaintiff.

41. Defendant's failure to produce that document by May 15, 2011 was a violation of ERISA Section 104, thereby entitling Plaintiff penalties of $110 per day until produced. Penalties currently stand

at $49,840.00 as of July 25, 2012.

42.     To date, Defendants have refused to pay any of Plaintiff's employee pension and retiree benefits.

43.     Plaintiff has been harmed as a result.

44.     Defendants have denied Plaintiff's claim for full pension benefits within 90 days, and following two appeals, which means that all administrative remedies have been exhausted under 29 C.F.R. §2560.503-1.

45.     Defendants are laboring under a conflict of interest since the corpus of the pension trust has been reduced by plan losses and Defendant is attempting to reduce payments as a result.

46.     Defendant National Elevator's decision is arbitrary and capricious as a mater of law.

WHEREFORE, Plaintiff requests entry of a Judgment against the Defendants in whatever amount he is found to be entitled, plus interest, costs, attorney fees, and all other appropriate legal and equitable relief.

## COUNT I
### ACTION UNDER ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) AGAINST DEFENDANT NATIONAL ELEVATOR'S PENSION PLAN FOR FULL PENSION BENEFITS

47.     Plaintiff realleges all preceding paragraphs.

48.     Defendant has sponsored, designed, implemented, and administered an employee pension plan in which Plaintiff is fully vested and entitled to benefits; and for which he made a formal claim for said benefits.

49.     The Defendant Plan has refused to pay those benefits, based on a rationale or justification that is plainly not supported by a reasonable interpretation of the Plan documents.

50.     As a direct result of Defendant's actions, Plaintiff has been damaged.

51. Plaintiff is entitled to: a) an accounting of all benefits due and owing; and b) the immediate payment of any and all pension benefits as well as any other benefits for which he may be entitled.

WHEREFORE, Plaintiff requests that a Judgment be entered against Defendant National Elevator Plan, ordering that Plaintiff is entitled to an accounting and full pension benefits and all other interest, attorney fees, injunctive relief, and all other relief to which the Court deems just.

## COUNT II
## ACTION UNDER ERISA §502(a)(3), 29 U.S.C. 1132(a)(3) FOR EQUITABLE RELIEF AGAINST ALL DEFENDANTS

52. Plaintiff realleges all preceding paragraphs.

53. Defendants have sponsored, designed, and implemented a defined benefit pension plan which provides retirement benefits to those persons and Plan participants employed by, or by virtue of membership in the Defendant Local No. 36.

54. Defendants' agents made either materially misleading statements and/or omissions regarding the level of credited service for back pay necessary for a proper calculation and vested of the Plan's pension benefits.

55. Defendant Local No. 36 and the Defendant National Elevator Plan's actions were intended to, and did, in fact, create an alleged failure of vesting on the part of the Plaintiff, through no fault of his own.

56. Defendants are fiduciaries under ERISA, and Defendants created a reasonable expectation that such benefits would be available to all by virtue of the proper crediting of back pay under the terms of the Plan.

57. In failing to do so, and then covering it up, Defendants' actions were wrongful and inequitable.

58. As a direct result of Defendants' inequitable actions, Plaintiff has suffered the potential loss

8

of his retirement benefits.

59. Plaintiff seeks equitable and injunctive relief ordering the Plan fiduciaries to properly credit the back pay for purpose of vesting credit and re-administer the Plaintiff's claim in light of those credits.

WHEREFORE, Plaintiff requests injunctive relief for violations of ERISA against Defendants, providing for all other appropriate equitable relief in the crediting of his pension benefits.

## COUNT III
## ACTION UNDER ERISA § 502(c) and
## 29 U.S.C. §1024 TO COMPEL PRODUCTION OF
## DOCUMENTS REGARDING EMPLOYEE PENSION BENEFITS

60. Plaintiff realleges all preceding paragraphs.

61. At all relevant times, Plaintiff, a "participant" under the Defendants' pension plan, requested information regarding his pension benefits from Defendants in appealing the determination of his benefits.

62. Under ERISA § 104, 29 U.S.C. §1024, such information is to be provided within thirty (30) days of the receipt of such request.

63. Requests were made to the Plan Administrator on, *inter alia*, the following dates:

    a. April 12, 2011 and

    b. March 13, 2012

64. Defendant Plan Administrative received notice of all such requests and failed to provide the requested documents within the required thirty (30) day period, or May 13, 2011.

65. Under 29 U.S.C. 1132(c)(1), as a result of Defendants' failure to provide such documents within thirty (30) days, and causing Plaintiff to judicially compel production of these documents, Plaintiff is entitled to per diem penalties of $110 per day, or $47,080.00 to date, plus actual costs and attorney fees.

WHEREFORE, Plaintiff requests entry of a Judgment against Defendants in whatever amount he is found to be entitled, plus interest costs, attorney fees, and all other appropriate legal and equitable relief.

**RELIEF REQUESTED**

WHEREFORE Plaintiff requests that the Court grant the following relief:

1. An accounting and award of all pension benefits lost to date and all costs and fees associated with recouping those benefits as well as all other recoverable relief;

2. An order compelling Defendants to pay Plaintiff forthwith the full amount of benefits due to him and to continue such payments for the period set forth in the Plan, including interest on all unpaid benefits; disgorgement of any profits or gain Defendants have obtained as a result of the wrongful action alleged in this complaint and equitable distribution of any profits or gain to Plaintiff; reasonable attorney fees and costs, pursuant to ERISA §502(g)(1), 29 U.S.C. 1132(g)(1); any and all such other relief as may be just and appropriate;

3. An order awarding per diem penalties of $110 per day and any other permissible relief owing to the Plan Administrator's failure to timely produce relevant, requested documents relating to this claim for benefits.

Respectfully submitted,

**JOHN J. CONWAY, P.C.**
Attorneys for Plaintiff Gerald Burnosky

By: /s/John J. Conway
John J. Conway (P56659)
26622 Woodward Avenue, Suite 225
Royal Oak, MI 48067
(313)961-6525
Dated: July 25, 2012          john@johnjconway.com

M:\JJC\Clients\Burnosky\Electronic Filings\Complaint\Complaint 07-25-2012.wpd